IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MYRNA FARIA,<br>aka MYRNA OLIVERAS-SANTIAGO,<br>Defendant. | SUPERSEDING INDICTMENT<br><br>CRIMINAL NO. 24-084(GMM)<br><br>VIOLATIONS:<br>Count 1: 18 U.S.C. § 641<br>Counts 2-9: 18 U.S.C. § 1341<br>Counts 10-13: 42 U.S.C. § 408(a)(8)<br>Counts 14-17: 18 U.S.C. § 1028A<br>Counts 18-23: 18 U.S.C. § 1343<br><br>23 COUNTS |

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times material to this Superseding Indictment:

1. The Social Security Administration (SSA) was an agency of the United States that administers programs under the Social Security Act, 42 U.S.C. § 302 *et seq*. These programs called "Title II Programs" include Old Age or Retirement benefits, Survivor Insurance Benefits, and Auxiliary Benefits.

2. Retirement Insurance Benefit Payments (RIB) were monthly benefits paid to individuals who have worked and paid into the Social Security and are old enough to qualify for retirement.

3. Survivor Insurance Benefit Payments (SURSPO) were monthly benefits paid to surviving spouses, widows, widowers, and certain divorced widows of a Social Security-covered deceased worker.

4. Social Security Auxiliary benefits (AUX) were benefits paid by SSA to a spouse, former spouse, survivor, children or parent of a Social Security-covered worker and are equal to a specified percentage of the worker's basic monthly benefit amount.

5. SSA also provided Social Security Numbers (SSN), which are unique identifiers needed to work, handle financial transactions, and determine eligibility for certain government services.

6. Bank A operated Direct Express, a prepaid debit card program offered to federal benefit recipients who receive their benefits electronically. Direct Express was responsible for disbursing Social Security benefits to beneficiaries who do not have traditional bank accounts.

7. SSA requested this service directly to Bank A when the SSA beneficiary alleges not to have a bank account to receive the SSA benefits.

8. Bank A would send a Direct Express debit card to the Social Security beneficiary by mail through the United States Postal Service and by a private and commercial interstate carrier, namely UPS Expedited mail, to the registered address on file.

9. Defendant Myrna Faria also known as Myrna Oliveras-Santiago (hereinafter MYRNA FARIA or FARIA) was employed by the SSA in approximately 1991. Defendant MYRNA FARIA retired from the SSA on or about August 31, 2019, as a "Social Insurance Specialist" and "Claims Specialist" working in the Workload Support Unit in San Juan, Puerto Rico.

## SCHEME TO DEFRAUD

10. From on or about March 20, 2012 through March 6, 2024, defendant MYRNA FARIA devised and willfully engaged in a scheme to defraud the Social Security Administration of money by submitting false claims, approving fraudulent claims, and submitting her own bank accounts and address information to improperly receive beneficiary proceeds, using the identity of real people she thought were deceased. In addition to using her own bank accounts, MYRNA FARIA used Bank A and the Direct Express prepaid debit

card program to receive and withdraw money from accounts that fraudulently received SSA funds from the false claims she processed and approved.

## MANNER AND MEANS

In furtherance of the scheme and artifice to defraud, defendant MYRNA FARIA engaged in, among other things, the following:

11. It was part of the scheme and artifice to defraud that MYRNA FARIA engaged in deceptive conduct designed to fraudulently obtain social security benefits by abusing her position of trust as an SSA employee and creating fraudulent social security claims within the SSA system, using personal identifying information of real individuals to include names, social security numbers, and dates of birth (DOB).

12. As part of the scheme and artifice to defraud MYRNA FARIA used her SSA employee unique Personal Identification Number (PIN) to process and approve fraudulent Retirement Insurance Benefit (RIB), Survivor Insurance Benefit (SURSPO), and Social Security Auxiliary Benefit (AUX) claims for 13 individuals who were deceased or appeared to be deceased due to the inactivity of their SSA accounts, but were not officially reported deceased to SSA.

13. The 13 fabricated claims by MYRNA FARIA are the following:

| Number | Initials of Claimant/Victim | Claim Type | Date Claim Filed | Date Claim Approved | SSA Employee that Approved Claim |
|---|---|---|---|---|---|
| 1 | M.R. | SURSPO | 3/16/2012 | 3/20/2012 | FARIA |
| 2 | S.G. | AUX | 5/18/2012 | 5/25/2012 | FARIA |
| 3 | S.L. | RIB | 5/18/2012 | 5/25/2012 | FARIA |
| 4 | R.Z. | RIB | 6/20/2012 | 6/20/12 | FARIA |
| 5 | S.M. | AUX | 7/31/2012 | 8/17/2012 | FARIA |
| 6 | H.L. | SURSPO | 8/13/2012 | 9/4/2012 | FARIA |
| 7 | U.C. | SURSPO | 9/21/2012 | 9/28/2012 | FARIA |
| 8 | G.A. | SURSPO | 9/21/2012 | 10/22/2012 | FARIA |
| 9 | E.O. | SURSPO | 1/31/2013 | 1/31/2013 | FARIA |

| Number | Initials of Claimant/Victim | Claim Type | Date Claim Filed | Date Claim Approved | SSA Employee that Approved Claim |
|---|---|---|---|---|---|
| 10 | N.V. | SURSPO | 3/4/2013 | 3/27/2013 | FARIA |
| 11 | O.G. | RIB/SURSPO | 7/19/2013 | 7/24/2013 | FARIA |
| 12 | E.V. | SURSPO | 11/29/2013 | 1/3/2014 | FARIA |
| 13 | J.R. | SURSPO | 7/19/2019 | 8/21/2019 | FARIA |

14. It was part of the scheme and artifice to defraud that MYRNA FARIA would cause most of the fraudulent benefit payments to be paid via Direct Express debit card accounts held by Bank A. These Bank A debit cards were physically mailed through the United States Postal Service and by a private and commercial interstate carrier, namely UPS Expedited mail, to addresses controlled by MYRNA FARIA.

15. It was part of the scheme and artifice to defraud that MYRNA FARIA would activate and use the Bank A debit cards to withdraw the SSA benefits being deposited into the Bank A accounts as a result of the fraudulent claims processed and approved by her.

16. It was part of the scheme and artifice to defraud that MYRNA FARIA would also use her own personal bank accounts to receive directs deposits from SSA benefits generated as part of the fraudulent claims processed and approved by her. These direct deposits would cause to be transmitted in interstate commerce by means of wire communications certain writings, sign and signals.

17. It was part of the scheme and artifice to defraud that MYRNA FARIA would use her bank account ending in XX8723 with Bank B to receive direct deposits and Automated Clearing House (ACH) electronic payments from SSA. These electronic payments, which were transmitted in interstate commerce by means of wire communications, were generated and caused by the fraudulent claims processed and approved by FARIA.

18. It was part of the scheme and artifice to defraud that MYRNA FARIA would contact SSA and Bank A to update several records of the fabricated claims.

19. It was part of the scheme and artifice to defraud that MYRNA FARIA financially enriched herself by improperly receiving SSA benefits to which she was not entitled. From the 13 fraudulent claims submitted and approved by MYRNA FARIA, 10 claims were still active and receiving funds as of on or about March 6, 2024.

20. It was part of the scheme and artifice to defraud that MYRNA FARIA fraudulently obtained federal funds in the amount of approximately $1,809,398.00.

## COUNT 1
(18 U.S.C. § 641 - Theft of Government Property)

The General Allegations of this Superseding Indictment are re-alleged and incorporated by reference, as if fully set forth herein.

From on or about April 30, 2019, through March 6, 2024, in the District of Puerto Rico, defendant,

MYRNA FARIA,

did willfully and knowingly embezzle, steal, purloin, and convert to her own use or the use of another, money of the SSA, a department or agency of the United States, namely Retirement Insurance Benefits, Survivors Insurance Benefits and Auxiliary Benefit payments to which she knew she was not entitled, having a value over the amount of $1,000, that is, approximately $804,726.00, in violation of 18 U.S.C. § 641.

## COUNTS 2 - 9
(18 .S.C. § 1341 - Mail Fraud)

The General Allegations, Scheme to Defraud, and Manner and Means are re-alleged and incorporated by reference, as if fully set forth herein.

## STATUTORY ALLEGATIONS

From on or about March 20, 2012, through March 6, 2024, in the District of Puerto Rico and elsewhere, the defendant, MYRNA FARIA, with the intent to defraud, devised and willfully participated in the above-described scheme, with knowledge of its fraudulent nature to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises.

On or about the dates specified as to each count below, in the District of Puerto Rico, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and deprive, the defendant knowingly caused to be delivered by the United States Postal Service and by a private and commercial interstate carrier, namely UPS Expedited mail, at the place at which it was directed to be delivered by the person to whom it was addressed the following matters, each mailing constituting a separate count:

| Count | Date of Mailing | Card no. | Victims Initials | Address linked to FARIA |
|---|---|---|---|---|
| 2 | January 23, 2021 | 5332480498702416 | M.R. | Cond. Bello Horizonte Apt. 307 San Juan, PR 00924 |
| 3 | December 31, 2020 | 5332480230448435 | S.G. | 500 Modesta Street Apt. 307 San Juan, PR 00924 |
| 4 | October 24, 2022 | 5332480066011745 | H.L. | Cond. Waldorf Tower 4123 Ave. Isla Verde Apt. 108 Carolina PR 00979 |
| 5 | April 2, 2021 | 5332480312551007 | U.C. | 500 Modesta Street 307 San Juan, PR 00924 |
| 6 | May 2, 2023 | 5332480409044692 | E.O. | Cond. Bello Horizonte Apt. 307 San Juan, PR 00924 |

| Count | Date of Mailing | Card no. | Victims Initials | Address linked to FARIA |
|---|---|---|---|---|
| 7 | April 2, 2022 | 5332480287487310 | N.V. | Cond. Bello Horizonte 500 Modesta Street Apt. 307 San Juan, PR 00924 |
| 8 | March 2, 2021 | 5332480278351392 | E.V. | Cond. Bello Horizonte Apt. 307 San Juan, PR 00924 |
| 9 | August 8, 2023 | 5332480077864686 | J.R. | 4123 E. Isla Verde Ave. Apt. 108 Carolina, PR 00979 |

All in violation of 18 U.S.C. § 1341.

## COUNTS 10 - 13
(42 U.S.C. § 408(a)(8) - Misuse of Social Security Number)

The General Allegations of this Superseding Indictment are re-alleged and incorporated by reference, as if fully set forth herein.

On or about the dates specified as to each count below, in the District of Puerto Rico, in a matter within the jurisdiction of the United States Social Security Administration, the defendant,

MYRNA FARIA,

did knowingly and intentionally disclose and use the social security number assigned to the victim identified below in violation of the laws of the United States, as charged in Counts One and Nine of this Superseding Indictment:

| Counts | Initials of Claimant/ Victim | Date (on or about) | Unlawful Activity |
|---|---|---|---|
| 10 | J.R. | July 19, 2019 | Filing of Fraudulent Claim |
| 11 | J.R. | August 8, 2023 | Call to SSA to inquire about account |
| 12 | J.R. | August 8, 2023 | Call to Bank A to inquire and update address of account |
| 13 | J.R. | August 24, 2023 | Call to SSA to update address of account |

All in violation of 42 U.S.C. § 408(a)(8).

## COUNTS 14 - 17
(18 U.S.C. § 1028A - Aggravated Identity Theft)

The General Allegations of this Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

On or about the dates specified as to each count below, in the District of Puerto Rico, the defendant,

MYRNA FARIA,

did knowingly use, without lawful authority, a means of identification of another person, that is, the name, SSN, and DOB of the victim identified below, during and in relation to a felony violations enumerated in 18 U.S.C. 1028A(c), that is, theft of government property in violation of 18 U.S.C. § 641, mail fraud in violation of 18 U.S.C. § 1341, and social security misuse in violation of 42 U.S.C. § 408(a)(8), knowing that the means of identification belonged to another actual person, as explained below:

8

| Counts | Initials of Claimant/ Victim | Date (on or about) | Unlawful Activity | Means of Identification Used |
|---|---|---|---|---|
| 14 | J.R. | July 19, 2019 | Filing of Fraudulent Claim | Name, SSN and DOB |
| 15 | J.R. | August 8, 2023 | Call to SSA to inquire about account | Name, SSN and DOB |
| 16 | J.R. | August 8, 2023 | Call to Bank A to inquire and update address of account | Name, SSN and DOB |
| 17 | J.R. | August 24, 2023 | Call to SSA to update address of account | Name and SSN |

All in violation of 18 U.S.C. § 1028A.

Counts 18-23
(18 U.S.C. § 1343 – Wire Fraud)

The General Allegations, Scheme to Defraud, and Manner and Means are re-alleged and incorporated by reference, as if fully set forth herein.

STATUTORY ALLEGATIONS

From on or about March 20, 2012, through March 6, 2024, in the District of Puerto Rico, the defendant,

MYRNA FARIA,

aided and abetted by others known and unknown to the Grand Jury, for purposes of executing the scheme and artifice to defraud more fully discussed above, caused to be transmitted by means of wire communication in interstate commerce the writings, signs, signals and sounds described below:

| Count | Initials of Claimant/ Victim | Date (on or about) | Transaction | Amount |
|---|---|---|---|---|
| 18 | R.Z. | October 14, 2020 | SSA ACH electronic payment deposit into Faria's bank account ending in XX8723 with Bank B | $932.00 |
| 19 | S.M. | October 14, 2020 | SSA ACH electronic payment deposit into Faria's bank account ending in XX8723 with Bank B | $308.00 |
| 20 | R.Z. | January 12, 2022 | SSA ACH electronic payment deposit into Faria's bank account ending in XX8723 with Bank B | $999.00 |
| 21 | S.M. | January 12, 2022 | SSA ACH electronic payment deposit into Faria's bank account ending in XX8723 with Bank B | $331.00 |
| 22 | R.Z. | June 14, 2023 | SSA ACH electronic payment deposit into Faria's bank account ending in XX8723 with Bank B | $1,086.00 |
| 23 | S.M. | June 14, 2023 | SSA ACH electronic payment deposit into Faria's bank account ending in XX8723 with Bank B | $359.00 |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION

The allegations contained in Counts Two through Nine, and Fourteen through Twenty-Three of this Superseding Indictment are incorporated here for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offenses in violation of 18 U.S.C. § 1341, 1343 or 1028A set forth in Counts Two through Nine, and Fourteen through Twenty-Three of this Superseding Indictment, the defendant, MYRNA FARIA, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to a money judgment of approximately 1,809,398.00.

INTENTIONALLY LEFT BLANK

If any of the property described above, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

W. STEPHEN MULDROW
United States Attorney

_[signature]_

Seth Erbe
Assistant US Attorney
Chief, Financial Fraud and Corruption Section

_[signature]_

Vanessa Bonano-Rodríguez
Special Assistant US Attorney

_[signature]_

Niranjan Emani
Special Assistant US Attorney

12