IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>v.<br><br>MYRNA FARIA<br><br>    Defendant | **Criminal No. 24-84 (GMM)** |

### OPINION AND ORDER

Pending before the Court is Defendant Myrna Faria's ("Defendant") *Motion to Dismiss*. (Docket No. 93). For the reasons stated herein, the motion is DENIED.

I.   BACKGROUND

On March 6, 2024, Defendant was indicted by a Grand Jury for one count of Theft of Government Property, under 18 U.S.C. § 641; eight counts of Mail Fraud, under 18 U.S.C. § 1341; four counts of Misuse of Social Security Number, under 42 U.S.C. § 408(a)(8); and four counts of Aggravated Identity Theft, under 18 U.S.C. § 1028A. (Docket No. 3).

On September 11, 2025, a *Superseding Indictment* was returned by another Grand Jury, charging Defendant with the same counts, along with an additional six counts of Wire Fraud, under 18 U.S.C. § 1343. (Docket No. 81). Therein, the Government claims that

Defendant's "recei[pt] and withdraw[al] [of] money from accounts that fraudulently received [Social Security Administration] funds from the false claims" which occurred years after the creation and approval of fraudulent Social Security accounts - supports the "furtherance" element of mail and wire fraud. (Id. at 3-5).

On October 27, 2025, Defendant filed a pretrial *Motion to Dismiss the Superseding Indictment* in accordance with Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B)(v). She alleged lack of jurisdiction on the basis that the *Superseding Indictment* fails to state an offense as to the mail fraud and wire fraud counts. (Docket No. 93).

The Government filed its *United States' Response in Opposition to Defendant's Motion to Dismiss Indictment* on November 11, 2025. It argued that the *Superseding Indictment* appropriately states the offenses of mail and wire fraud, along with their requisite elements and the facts supporting each element. (Docket No. 95). Defendant filed a Reply on December 1, 2025. It emphasized that the "furtherance" element of mail and wire fraud is not met and asserting that such charges are barred by the statute of limitations. (Docket No. 98).

## II. LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Criminal Procedure permits a defendant to file a motion to dismiss for lack of

jurisdiction "at any time while the case is pending". Fed. R. Crim. P. 12(b)(2).

Rule 12(b)(3)(B)(v) allows a defendant to move pretrial for dismissal if the indictment fails to state an offense. Such motions may be decided without a trial on the merits. Fed. R. Crim. P. 12(b)(3)(B)(v).

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117-18 (1974); *see also* United States v. Berk, 652 F.3d 132, 137 (1st Cir. 2011). It is generally sufficient for an indictment to track the language of the statute itself, provided the statute is not vague Id.

When considering a motion to dismiss, courts accept the facts alleged in the indictment as true and do not assess the sufficiency of evidence. United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citing United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)). Motions to dismiss that rely on disputed facts must be denied. United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018).

### III. APPLICABLE LAW AND ANALYSIS

Defendant allegedly created and approved thirteen fraudulent Social Security benefits applications between 2012 and 2019. (Docket No. 81 at 3-5). Between 2020 and 2023, she allegedly made eight mailings and six wire transfers to secure and obtain monetary benefits from the applications she had created. (Id. at 5-7, 9-10). These actions allegedly involved misuse of Social Security numbers of other individuals. (Id. at 7-9).

Defendant challenges only the mail and wire fraud counts. (Docket No. 93 at 1). The Court must therefore address: (a) whether the indictment fails to state an offense because the mailings and wire transfers do not satisfy the statutory "furtherance" element; and (b) whether these charges are barred by the statute of limitations.

A.  Failure to State an Offense

The mail fraud statute criminalizes the use of the mails to further a "scheme or artifice to defraud" or "for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1341. The crime has three elements: (1) a scheme to defraud; (2) knowing and willing participation with the intent to defraud; and (3) use of interstate

mail in furtherance of the scheme. United States v. Hebshie, 549 F.3d 30, 35-36 (1st Cir 2008).

Wire fraud mirrors these elements but requires use of an interstate wire communication. 18 U.S.C. § 1343; see United States v. Cassiere, 4 F.3d 1006, 1011 (1st Cir. 1993); United States v. Fermin Castillo, 829 F.2d 1194, 1198.

1. The *Superseding Indictment* supports the "in furtherance" element

Defendant argues that the mailings and wire transfers are too far removed in time from the creation of the fraudulent applications to satisfy the "furtherance" requirement. (Docket No. 93 at 7-13). Courts interpret "furtherance" generously. United States v. Cacho-Bonilla, 404 F.3d 84, 91 (1st Cir. 2005). The mails need not be essential to the scheme; a connection or relationship is sufficient. United States v. Hebshie, 549 F.3d at 36.

Specifically, each mailing and wire transfer listed in the *Superseding Indictment* was undertaken to execute, maintain, or conceal the fraudulent scheme. The *Superseding Indictment* identifies eight mailings between December 31, 2020, and August 8, 2023, and six wire transfers between October 14, 2020, and June 14, 2023, which directly delivered or redirected misappropriated Social Security funds into accounts controlled by the Defendant. Each of these acts was deliberately executed to obtain the proceeds of the scheme, maintain the appearance of legitimacy, and prevent

detection, thereby satisfying the "in furtherance" element for mail and wire fraud. 549 F.3d at 36; Keleher, 505 F. Supp. 3d at 56–57.

The timing of the transfers does not undermine furtherance. The indictment alleges that the transfers were necessary to obtain, maintain, and conceal the proceeds of the fraudulent applications, satisfying First Circuit precedent. Keleher, 505 F. Supp. 3d at 56; Tavares, 844 F.3d at 59.

  2.  Notice/Sufficiency of *Superseding Indictment*

The *Superseding Indictment* tracks each element of mail and wire fraud, identifies the scheme, Defendant's knowledge and intent, and the use of interstate communications. Each mailing and wire transfer is detailed with dates, amounts, bank accounts, and victim initials. This provides Defendant complete and unambiguous notice of the charges. United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002); United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004).

B.  Statute of Limitations

The limitations period for mail and wire fraud is five years. 18 U.S.C. § 3282(a). The period begins on the date of the mailing or wire transfer. United States v. Yejo, 634 F. Supp. 630, 631 (D.P.R. 1986); United States v. Prosperi, 573 F. Supp. 2d 436, 440 (D. Mass. 2008); United States v. McGowan, 590 F.3d 446, 457 (7th Cir. 2009).

Case 3:24-cr-00084-GMM   Document 101   Filed 01/15/26   Page 7 of 7
7 | Criminal No. 24-84 (GMM)

Defendant contends that the underlying scheme occurred outside the five-year limitations period. This argument is immaterial. Under § 3282(a), it is sufficient that at least one overt act in furtherance of the offense occurs within the five year period. Here, the eight mailings and six wire transfers, which occurred within five years of the Superseding Indictment's filing, satisfy this requirement. See United States v. Andreas, 458 F.2d 491, 491 (8th Cir. 1972); United States v. Wellman, 830 F.2d 1453, 1464 (7th Cir. 1987); United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's *Motion to Dismiss*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on January 15, 2025

/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE