```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>MYRNA FARIA,<br><br>    Defendant. | Criminal No. 24-84 (GMM) |

**OPINION AND ORDER**

Pending before the Court are the *United States' Motion in Limine*, (Docket No. 112), and Defendant's *Omnibus Motion in Limine*, (Docket No. 124). For the reasons stated herein, the *United States' Motion in Limine* is **GRANTED**; and Defendant's *Omnibus Motion in Limine* is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

On March 6, 2024, Defendant Myrna Faria ("Defendant") was indicted by a grand jury for one count of Theft of Government Property, under 18 U.S.C. § 641; eight counts of Mail Fraud, under 18 U.S.C. § 1341; four counts of Misuse of Social Security Number, under 42 U.S.C. § 408(a)(8); and four counts of Aggravated Identity Theft, under 18 U.S.C. § 102A. (Docket No. 3).

On September 11, 2025, a *Superseding Indictment* was returned, charging Defendant with one count of Theft of Government Property, under 18 U.S.C. § 641; eight counts of Mail Fraud, under 18 U.S.C. § 1341; four counts of Misuse of Social Security Number, under 42

U.S.C. § 408(a)(8); four counts of Aggravated Identity Theft, under 18 U.S.C. § 102A; and six counts of Wire Fraud, under 18 U.S.C. § 1343. (Docket No. 81).

In anticipation of the scheduled jury trial, the United States submitted its *Motion in Limine*, with the following requests for this Court. First, for the Court to proscribe Defendant from introducing an insanity defense and evidence of any alleged mental condition. Second, for the Court to allow the United States to present evidence of the Social Security benefit payments that were allegedly deposited in Defendant's personal bank accounts, as overt acts allegedly taken by Defendant in furtherance of the purported scheme to defraud by mail and wires, as charged in the *Superseding Indictment*. Third, for the Court to allow the United States to present as evidence a certification of the Puerto Rico Treasury Department indicating that Defendant failed to file income taxes during the relevant period. Fourth, for the Court to proscribe Defendant from explaining to the jury the legal standard as to reasonable doubt; from disclosing to the jury the penalties that Defendant would face if convicted; from making arguments in relation to Defendant's health and needs, or those of her family; and from making discovery requests, or comments as to discovery matters, in the jury's presence. (Docket No. 112).

Defendant filed, on February 19, 2026, *Defendant's Opposition to United States' Motion in Limine* ("Opposition"), (Docket No.

125), and its own *Omnibus Motion in Limine*, (Docket No. 124). In its *Opposition*, Defendant posits the following. First, Defendant does not seek to present the affirmative defense of insanity, nor introduce arguments regarding her mental health condition, hence the Defendant requests evidence of health information be barred as to both parties. Second, Defendant contends that the Social Security benefit payments that were allegedly deposited in Defendant's personal bank accounts are time-barred and, consequently, should be excluded from trial. Third, Defendant argues her income tax returns are not relevant and, if deemed admissible, would confuse the jury or generate undue prejudice. Fourth, Defendant argues that: not allowing the defense to define the concept of reasonable doubt may hinder Defendant's Sixth Amendment right to effective assistance of counsel; prohibiting the defense from disclosing criminal penalties to the jury is overly broad; and the remaining requests for exclusion made by the United States are premature. (Docket No. 125).

In her *Omnibus Motion in Limine*, Defendant moves the Court to exclude the Social Security benefit payments that were allegedly deposited in Defendant's personal bank accounts as being time-barred; proscribe the United States from arguing that the Social Security claimants are victims; and not permit Government witnesses from providing overview testimony on hearsay grounds. (Docket No. 124). The Defendant further objects to the Government's

proposed introduction of phone records reflecting alleged calls to the Social Security Administration, on the grounds that such evidence is irrelevant. In the alternative, the Defendant contends that such phone records are more prejudicial than probative.

On February 24, 2026, the Government filed the *United States' Response to Defendant's Omnibus Motion In Limine*. (Docket No. 146).

## II. LEGAL STANDARD

### A. Motion in Limine

"Federal district judges enjoy broad discretion in respect to the ordering and presentation of proof and the handling of evidentiary questions." United States v. Holmquist, 36 F.3d 154, 163 (1st Cir. 1994); *see* Fed. R. Evid. 104(a), (c). A motion in limine permits a court to rule in advance of trial on the admissibility of anticipated evidence to avoid interruption or delay during the proceedings. *See* United States v. Grullon, 996 F.3d 21, 28 n.8 (1st Cir. 2021); Luce v. United States, 469 U.S. 38, 40 (1984).

Rulings on motions in limine are provisional and may be revisited as the evidence develops at trial. *See* United States v. Benedetti, 433 F.3d 111, 117 (1st Cir. 2005). On appeal, such rulings are reviewed for abuse of discretion. *See* White v. N.H. Dep't of Corr., 221 F.3d 254, 262 (1st Cir. 2002).

**B.    Fed. R. Evid. 401 and 402**

Federal Rule of Evidence 402 provides that relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 401 sets a "very low bar for relevance." United States v. Rodríguez-Soler, 773 F.3d 289, 293 (1st Cir. 2014). Evidence need not definitively resolve a key issue; it need only advance the inquiry to some degree. Bielunas v. F/V Misty Dawn, Inc., 621 F.3d 72, 76 (1st Cir. 2010).

**C.    Fed. R. Evid. 403**

Although relevant evidence is generally admissible, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Relevant evidence may be unfairly prejudicial if it suggests a decision on an improper basis, such as an emotional one. United States v. Legassa, 2025 U.S. App. LEXIS 19022, at *13 (1st Cir. 2025). However, "by design, all evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided." United States v. Aguilar-Aranceta, 58 F.3d 796, 800 (1st Cir. 1995).

### III. ANALYSIS

**A.   Insanity**

The Insanity Defense Reform Act of 1984, 18 U.S.C. § 17, makes insanity an affirmative defense requiring proof by clear and convincing evidence. Fed. R. Crim. P. 12.2(a). Defendant is not asserting an insanity defense. *See* (Docket No. 125 at 1). Accordingly, the *United States' Motion in Limine* on this point is **GRANTED**. The defense may not raise insanity during trial.

**B.   Mental Condition**

The parties agree that no insanity or mental health defense is being pursued, and the Court bars reference to Defendant's mental condition. 18 U.S.C. § 17(a); United States v. Schneider, 111 F.3d 197, 200-01 (1st Cir. 1997)(*citing* United States v. Pohlot, 827 F.2d 889, 903, 905-06 (3d Cir. 1987). Defendant's neuropsychological evaluation shows competence and ability to assist in defense but does not negate *mens rea*. (Docket Nos. 48-1; 69). Presentation of this evidence would confuse the jury and risk improper sympathy-based consideration. Fed. R. Evid. 401, 403. Accordingly, the Motion is **GRANTED**: neither party may reference Defendant's mental conditions, except as admissible under recognized hearsay exceptions in Rule 803.

**C.   Social Security Benefit Payments**

Evidence of Social Security payments deposited in Defendant's accounts is relevant to demonstrating the scope and execution of

the ongoing fraud scheme. Docket No. 112 at 13. Prior arguments about time-barred status or cumulative prejudice have been rejected in the Court's January 15, 2026 *Opinion and Order*. *See* (Docket No. 101). Such evidence may be presented but remains subject to the Federal Rules of Evidence. As to this matter, the *United States' Motion in Limine* is **GRANTED,** and Defendant's *Omnibus Motion In Limine* is **DENIED.**

### D.  Certification of Failure to File Income Taxes

Hacienda's certification showing Defendant did not file income taxes between 2012 and 2022 is admissible to demonstrate knowledge, intent, and absence of mistake, not character. Fed. R. Evid. 404(b); 401, 403. The certification is probative and not outweighed by prejudice. The *United States' Motion in Limine* is **GRANTED.**

### E.  Victimization of Social Security Claimants

Evidence that the scheme diverted funds from intended beneficiaries is relevant to the offenses' nature and scope. Defendant's concern about jury sympathy is addressed: the United States may not ask jurors to imagine themselves in the victims' position or decide the case based on emotion. Fed. R. Evid. 403. The Defendant's *Omnibus Motion in Limine* is **GRANTED IN PART** and **DENIED IN PART.**

**F.     Reasonable Doubt**

Defendant may not define or explain "reasonable doubt" to the jury; that is the Court's role. Victor v. Nebraska, 511 U.S. 1, 5 (1994); United States v. Ademaj, 170 F.3d 58, 66 (1st Cir. 1999); United States v. Herman, 848 F.3d 55, 57 (1st Cir. 2017). Defense may argue failure of proof but may not instruct on the standard. The *United States' Motion in Limine* **GRANTED**.

**G.     Criminal Penalties**

The jury has no sentencing role; information about potential penalties is excluded. Shannon v. United States, 512 U.S. 573, 579 (1994); United States v. Merlino, 592 F.3d 22, 30 n.4 (1st Cir. 2010). The *United States' Motion in Limine* **GRANTED**.

**H.     Health and Needs**

Evidence of Defendant's or her family's health, age, finances, or background lacks relevance to the charged offenses and risks improper sympathy-based consideration. Fed. R. Evid. 401, 402, 403; United States v. Alarcón-Rodríguez, 768 F. Supp. 3d 306, 312 (D.P.R. 2025); United States v. Díaz-Nieves, 24-CR-0087-GMM, *2025 U.S. Dist. LEXIS 82844, at *6. The *United States' Motion in Limine* **GRANTED**.

**I.     Discovery Matters**

Both parties are prohibited from referencing discovery matters in the presence of the jury or introducing previously undisclosed materials. Fed. R. Crim. P. 16(d)(2)(C); Alarcón-

Rodríguez, 768 F. Supp. 3d at 312. The *United States' Motion in Limine* United States' and Defendant's *Omnibus Motion in Limine* are **GRANTED**.

### J.   Overview Testimony

Government witnesses may describe facts they personally observed and the course of investigation but may not rely on inadmissible hearsay or give opinion on Defendant's culpability. United States v. Rodríguez-Adorno, 695 F.3d 32, 38 (1st Cir. 2012); United States v. Meises, 645 F.3d 5, 14, 18 (1st Cir. 2011). The Defendant's *Omnibus Motion in Limine* is **GRANTED IN PART, DENIED IN PART**.

### K.   Victim's Negligence

The negligence of the victim in failing to discover a fraudulent scheme is not a defense to wire or bank fraud. *See* United States v. Rivera-Izquierdo, 850 F.3d 38, 51 (1st Cir. 2017) (finding no abuse of discretion in district court's granting the government's motion in limine to exclude argument or evidence regarding victim negligence). Accordingly, any reference to any action or omission by the Social Security Administration is irrelevant and likely to confuse or mislead the jury.

### L.   Telephone Records

The Government seeks to introduce a Social Security Administration "call log" to show that someone was actively

contacting the agency to make changes or inquiries on the beneficiaries' accounts after their approval. The Government has proffered evidence or testimony linking these calls to Defendant. The Court finds that these telephone records are relevant, possess probative value as to the nature and scope of the offenses, and **DENIES** Defendant's *Omnibus Motion in Limine* with respect to this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *United States' Motion in Limine*; and **GRANTS IN PART** and **DENIES IN PART** Defendant's *Omnibus Motion in Limine*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, February 24, 2026.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE